## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 04-cv-02145-REB-BNB

CELSO SANTOS SIRIO,

    Plaintiff,

v.

GREGG LOTSPEICH, an individual, and as a City of Dacono Police Officer,

    Defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is defendant Gregg Lotspeich's **Motion for Summary Judgment** [#43], filed March 31, 2006. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome

of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

At approximately 10:00 p.m., on the evening of October 21, 2002, defendant Gregg Lotspeich, an officer with the City of Dacono Police Department, received a dispatch asking him to respond to a residence on 5432 Bear Lane in Frederick, Colorado. The dispatcher told defendant that a neighbor who had been watching the house for the absent owner had reported seeing movement inside, even though no one was supposed to be inside the house. Defendant had responded recently to domestic

violence calls at this same residence on two previous occasions involving plaintiff and the owner of the house, Patricia Davis.  Defendant was aware also that plaintiff had been arrested on September 2, 2002, following yet another domestic dispute with Davis and that plaintiff was "not supposed to be around" Davis as a result of this incident.

Parking his car some distance from the house and approaching on foot, defendant saw the light of a fireplace and a flickering that might have been a television set coming from inside the house.  Believing that someone was in fact inside the residence, defendant called for assistance.  While defendant was waiting for backup to arrive, the lights inside the house went out.  Shortly thereafter, officer Joer Lopez arrived on the scene to assist.[1]

The officers then knocked on the door.  Plaintiff came downstairs with his dog and entered the kitchen, where he turned on a light.   Plaintiff opened the kitchen window and called out to the officers "who the hell are you and what the fuck do you want?"  The officers responded by directing plaintiff to open the door, but plaintiff did not comply.  Instead, plaintiff, who admits he was agitated, when asked whether he belonged in the residence, plaintiff told the officers to go check with their department and then told them to "fuck off" and began closing the kitchen window.  Defendant then placed his arm through the window.[2]  Although plaintiff continued to attempt to close the window, he was unable to do so because defendant's arm was trapped between the

---

[1] Although originally named as a defendant, Lopez was dismissed by stipulation of the parties. (*See* **Stipulation for Dismissal With Prejudice of Claims Against Joer Lopez** [#48], filed April 25, 2006.)

[2] Defendant maintains that he only put his arm up against the window screen but that his arm did not penetrate into the interior of the house.  For purposes of the present motion, however, I must credit plaintiff's contention that defendant did in fact put his arm through the window.

frame and the pane.[3]  Lopez then kicked in the front door and arrested plaintiff.  Plaintiff subsequently filed this lawsuit, alleging that defendant violated his constitutional rights by effecting a warrantless entry and arrest.

By the present motion, defendant claims that he is entitled to qualified immunity because he did not violate any clearly established right of plaintiff.  I agree.

A government official is immune from civil liability under section 1983 unless his actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also* **Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001).  To overcome this immunity, plaintiff must establish both that defendant violated his rights under federal law and that such rights were clearly established at the time of the violation.  **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999).

Plaintiff cannot surmount the first of these hurdles.  **See Siegert v. Gilley**, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("A necessary concomitant to the determination of whether a constitutional right asserted by a plaintiff is 'clearly established' . . . is the determination of whether the plaintiff has asserted a violation of a constitutional right at all.").  It is clear that exigent circumstances justified defendant's entry into the home without a warrant.  **See Payton v. New York**, 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980).  A neighbor had reported that

---

[3]  Plaintiff testified that he could not tell what was preventing the window from closing because his eyes were watering after being struck on the bridge of his nose by something on the other side of the screen while he was attempting to close the window.  The record does not disclose what struck plaintiff, although he believed it was something metal.

the owner of the home was out of town and that no one was supposed to be in the house.[4]  ***See Walker v. Disner***, 50 Fed. Appx. 908, 910 (10th Cir. 2002) (responding to report of possible burglary is exigent circumstance authorizing warrantless entry into home) (citing ***United States v. Tibolt***, 72 F.3d 965, 970-71 (1st Cir. 1995), **cert. denied**, 116 S.Ct. 2554 (1996)).  When defendant knocked on the door, plaintiff, who was agitated, refused to come to the door and told the officers to "fuck off."  He then tried to shut the open window through which he had been communicating with the officers.  At that point, it was not unreasonable for defendant to put his hand through the window in an attempt to prevent plaintiff from retreating into the house.

These same circumstances, in addition to the fact that plaintiff thereafter persisted in his efforts to close the window even though defendant's arm was now trapped between the frame and pane, created probable cause to believe that a crime was being committed and thus to effectuate a warrantless arrest.  ***See Devenpeck v. Alford***, 543 U.S. 146, 152, 125 S.Ct. 588, 593, 160 L.Ed.2d 537 (2004).  On this record no Fourth Amendment or Fourteenth Amendment right has been violated.  Defendant therefore is entitled to qualified immunity from plaintiff's claims.  ***See Anderson v. Creighton***, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987) (officer entitled to qualified immunity if his actions were objectively reasonable in light of the facts then known to him).

---

[4]  Plaintiff attempts to characterize this call as an "anonymous tip" subject to greater constitutional scrutiny.  This spin on the evidence is belied by the facts.  Although defendant did not know the specific identity of the caller, he was aware that the report had come from a neighbor who had been keeping an eye on the house at the request of the absent owner.  Defendant therefore was entitled to presume that the information was reliable.  ***See United States v. Morgan***, 936 F.2d 1561, 1569 (10th Cir. 1991), ***cert. denied***, 112 S.Ct. 1190 (1992); ***Easton v. City of Boulder, Colo.***, 776 F.2d 1441, 1449-50 (10th Cir. 1985), ***cert. denied***, 107 S.Ct. 71 (1986).

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion for Summary Judgment** [#43], filed March 31, 2006, is **GRANTED**;

2. That plaintiff's claims are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendant, Gregg Lotspeich, and against plaintiff, Celso Santos Sirio, as to all claims and causes of action asserted herein;

4. That the Trial Preparation Conference currently scheduled for Friday, August 25, 2006, at 10:00 a.m., as well as the trial, currently scheduled to commence on Monday, September 11, 2006, are **VACATED**;

5. That **Plaintiff's Motion to File Sur-Reply and To Strike Attachment to Defendant's Motion for Summary Judgment** [#57], filed May 11, 2006, is **DENIED AS MOOT**;

6. That defendant's **Objections and Rebuttal to Plaintiff's Sur-Reply** [#60], filed May 30, 2006, is **OVERRULED AND DENIED AS MOOT**; and

7. That defendant is **AWARDED** his costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR 54.1.

Dated August 9, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**